## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  February 26, 2015            519356
_____

In the Matter of MARY WW.,
    an Incapacitated Person.

MARY VV.,
                    Appellant;            MEMORANDUM AND ORDER

WILLIAM VV.,
                    Respondent.
_____

Calendar Date:  January 12, 2015

Before:  McCarthy, J.P., Lynch, Devine and Clark, JJ.

_____

The Virdone Law Firm, PC, Westbury (John Virdone of counsel), for appellant.

Herbert Segarra, Hartsdale, for respondent.

_____

Devine, J.

Appeal from an order of the Supreme Court (Connolly, J.), entered September 6, 2013 in Albany County, which, in a proceeding pursuant to Mental Hygiene Law article 81, denied petitioner's motion to modify respondent's guardianship powers to allow her to have visitation with Mary WW.

Mary WW., the mother of petitioner and respondent, is in her mid-90s, resides in a skilled nursing facility and suffers from dementia.  In 2009, a proceeding was brought under Mental Hygiene Law article 81 to have her adjudicated an incapacitated person and to have a guardian of the person and/or property appointed on her behalf.  She consented to the appointment of a guardian, which was also recommended by a court evaluator.  In

addition, all of her children agreed that a guardian should be appointed except for petitioner, who has an acrimonious relationship with other family members. Following a hearing, Supreme Court granted the petition and appointed respondent to be Mary WW.'s guardian. In such capacity, respondent is vested with the authority to control Mary WW.'s social environment and determine who may visit her. Since his appointment, respondent has not allowed petitioner to have visitation with Mary WW. As a result, petitioner brought a motion before Supreme Court to modify respondent's guardianship powers to allow her to have visitation with Mary WW. Supreme Court denied the motion following a hearing, and this appeal by petitioner ensued.

Initially, petitioner contends that, in denying her motion, Supreme Court improperly relied upon the hearsay statements of witnesses who had contact with Mary WW. We disagree. Although the rules of evidence are generally applicable to proceedings brought under Mental Hygiene Law article 81, Mental Hygiene Law § 81.12 (b) provides that the court may waive such rules "for good cause shown." Here, we note that Mary WW. initially consented to the guardianship, it was recommended by the court evaluator and none of Mary WW.'s children, except for petitioner, objected. Moreover, it is undisputed that Mary WW. now suffers from severe dementia and was unable to attend the modification hearing, which occurred nearly four years after the guardianship was established. In view of this, it was necessary for other witnesses to testify concerning her interactions with petitioner. Significantly, petitioner was not prejudiced, as she was present at the hearing and denied the allegations. Under these circumstances, we find that Supreme Court had good cause for relaxing the rules of evidence and considering the hearsay statements of witnesses who had contact with Mary WW.

Petitioner further asserts that Supreme Court violated Mental Hygiene Law § 81.36 (d) by placing the burden of proof on her, instead of respondent, to establish that respondent's guardianship powers should be modified. Mental Hygiene Law § 81.36 sets forth the specific grounds upon which a guardian may be discharged or his or her powers modified. In conjunction therewith, Mental Hygiene Law § 81.36 (d) provides that "[t]o the extent that relief sought . . . would terminate the guardianship

or restore certain powers to the incapacitated person, the burden of proof shall be on the person objecting to such relief."  The purpose of placing the burden of proof on the objecting party, rather than the party bringing the application, is to "lessen the difficulty of an incapacitated person seeking to gain more control over his or her life" (Law Rev Commn Comments, reprinted at McKinney's Cons Laws of NY, Book 34A, Mental Hygiene Law § 81.36, at 374).

Here, Mary WW. did not bring the motion on her own behalf nor does she seek to exercise more control over her life. Likewise, the object of petitioner's motion is not to terminate the guardianship or restore certain powers to Mary WW.  Rather, petitioner seeks to modify respondent's power over Mary WW.'s social environment in such a manner as to require him to allow her visitation.  Thus, Mental Hygiene Law § 81.36 (d) is inapplicable, and Supreme Court did not improperly shift the burden of proof.

Turning to the merits of petitioner's motion, petitioner seeks to modify respondent's power to control Mary WW.'s social environment pursuant to Mental Hygiene Law § 81.36 (a) (4) "based upon changes in the circumstances of the incapacitated person." Specifically, she maintains that Mary WW.'s dementia has progressed to such a point that she would not be harmed by having visitation with petitioner.  Although Mary WW.'s dementia has undoubtedly worsened since the 2009 appointment of respondent as guardian, no medical records or medical testimony was presented at the hearing regarding her mental state.  Numerous witnesses, however, testified to the mental and emotional abuse that petitioner inflicted upon Mary WW. over the years, and respondent indicated that the guardianship proceeding was brought to shield Mary WW. from such abuse.  Notably, one of the parties' sisters testified that, after the guardianship was in place, Mary WW. made it clear to her that she did not wish to have any contact with petitioner.  No evidence was presented of any change in circumstances that occurred between the time of respondent's appointment and petitioner's application.  Therefore, Supreme Court properly concluded that modification of respondent's powers was not warranted and, consequently, denied the motion.

McCarthy, J.P., Lynch and Clark, JJ., concur.


ORDERED that the order is affirmed, with costs.



ENTER:

Robert D. Mayberger
Clerk of the Court